### EGER CO v CHAPMAN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2609.   Decided Oct 25, 1937

Krueger, Rosino, Moyer & Moore, Sandusky, Sharp, Schooler, Toland & Herbert, Columbus, for plaintiff.

Herbert S. Duffy, Attorney General, Columbus, Morton B. Icove, Asst. Atty. General, and Isadore Topper, Special Counsel, Columbus, for defendants.

## OPINION

By THE COURT

This cause is on appeal upon questions of fact and pends on motions—that of defendants to approve and confirm and of plaintiff to disapprove and dismiss the findings of the Master Commissioner.

There are six grounds of the motion of the plaintiff to dismiss. We have carefully examined all of the proceedings, the pleadings, the issues and the transcript of the testimony, together with the full report of the Master and his findings of law and fact, and comprehensive briefs of counsel.

The Master has determined all questions of fact which are essential to the application of the law affecting the right of plaintiff to the relief sought and in our judgment has made the proper findings of law. We adopt the findings of fact in all particulars and the findings of law in all essential particulars, expressing no opinion, because it is not necessary to a determination of the rights of the plaintiff, on the conclusion of the Master that the instant action did not lie in the Common Pleas Court or in this court on appeal because of the exclusive jurisdiction of the Supreme Court under §§871-1 to 871-45, GC.

There is one further question presented in the brief of counsel for the plaintiff upon which the Master did not directly pass. Inferentially the matter was determined contrary to the claim of the plaintiff. We refer to the claim that the duty of enforcing the safety orders promulgated by the Industrial Commission is not by law imposed upon the Department of Industrial Relations and the Division of Factory and Building Inspection. It may be granted that some of the powers which it is asserted the defendants in this case have are delegated to the Industrial Commission under the general terms of §§871-22 (2), (3), (4), (8) and 871-23 (3), GC. However, we are satisfied that the defendants in this case were clothed with sufficient authority under §§1038-1, et seq., GC, to do the acts complained of in the petition and that the general inspector authorized under §1038-4 GC and reporting to the Division of Factory and Building Inspection as provided in §1038-14, GC, had the right, had he not been prevented by the writ out of the Common Pleas Court, to have placed a cease order upon the elevators in question, and to require changes as indicated to be made in the elevators a condition to the prevention of such order. This right is supported by the finding that the use and operation of both elevators would have been unsafe to life and property. This contention, then, of the plaintiff that the defendants were not the proper authorities to enforce the law and that the Division of Factory and Building Inspection was not authorized to issue the order of compliance is not supported.

We deem it somewhat unfortunate that the evidence in this case, touching the safety of the elevators and the constituent parts thereof, came in all particulars from interested witnesses. The subject matter is in the field of expert mechanical knowledge and somewhat difficult for a layman to appreciate and comprehend. We are not in doubt as to the correctness of our holding that the plaintiff has not maintained the burden of proof enjoined upon it in an action of this kind. However, it is manifest that the power of a general inspector of elevators is great and that the manifold specific requirements afford him many opportunities to embarrass owners and operators of elevators. This is compensated in theory, at least, and no doubt in practice by the purpose of the Code of Specific Safety Requirements, as indicated at the very outset, namely:

"In case of practical difficulty or unnecessary hardship the administrative authority may grant exceptions from the literal requirements or permit the use of other devices or methods, but only where

564

it is clearly evident that reasonable safety is thereby secured."

This properly places wide discretion in the administrative authority and it should be and no doubt is wisely exercised. We find no evidence of its abuse in this case.

Among the violations asserted by the inspector there are those which to us seem rather inconsequential and if they were the only deficiencies in the elevators we would have considerable difficulty in saying that they rendered them unsafe. The instant case, in our judgment, presents a situation wherein the parties should make attempt to compose their differences so that the plaintiff, without prohibitive cost, would be permitted to retain its elevators. The elevators in question are freight elevators carrying in the main light loads and in probability seldom occupied by any considerable number of passengers.

We sustain the motion of defendants, adopt the report of the Master in its entirety, with the one exception heretofore noted, follow the recommendations therein made, enter judgment denying the prayer of the petition for defendants for costs and dissolving the temporary restraining order heretofore issued.

BARNES, PJ, and HORNBECK, J, concur.
GEIGER, J, concurs in the judgment.